## FRANK WEAVER
## v.
## AXLE HALSEY.

1. CONTRACT FOR SERVICE—DISCHARGE BEFORE EXPIRATION OF TERM —EVIDENCE JUSTIFYING SUCH DISCHARGE SHOULD BE ADMITTED.— Appellee sued appellant for damages for being discharged before the expiration of his term of service. On the trial appellant alleged, in justification of such discharge, that appellee had been guilty of indecent conduct toward a maid servant of appellant's; had made unwarranted complaint of the quality of the food furnished, and as between himself and a co-laborer shirked the work given him to perform. To support these allegations, appellant offered to show by the maid servant that she had refused, on account of appellee's conduct to her, to remain longer in appellant's service if appellee was retained; also that the character of the food was good and satisfactory to other workmen. *Held*, such testimony was competent and should have been admitted.

QUAERE — Whether the court will consider an assignment of error for failing to give an instruction asked by defendant, when the bill of exceptions fails to show that all the given instructions for defendant are in it.

APPEAL from the Circuit Court of Kendall county; the Hon. T. D. MURPHY, Judge, presiding.

Mr. JOHN A. GILMAN, for appellant; that the evidence offered should have been admitted, cited Starkie on Ev. 82; Patterson v. Gage, 23 Vt. 558.

That where instructions not based on the evidence, or calculated to mislead a jury are given, the verdict should be set aside: Adams v. Smith, 58 Ill. 417; Cusick v. Campbell, 68 Ill. 508; Carter v. Carter, 62 Ill. 439; Herrick v. Gary, 65 Ill. 101; Brown v. Graham, 24 Ill. 628; Gibson v. Webster, 44 Ill. 483; Harmit v. Thompson, 46 Ill. 460; Bullock v. Narratt, 49 Ill. 62; Bailey v. Godfrey, 54 Ill. 485; Baldwin v. Killian, 63 Ill. 550.

Upon the question of tender: Cole v. Blake, Peak, 179; Richardson v. Jackson, 8 M. & W. 298; Bull v. Parker, 2 Dowl. (N. S.) 345; Conway v. Case, 22 Ill. 139; 2 Greenl'f's Ev. § 605.

That where there is no evidence to sustain the verdict, or where the verdict is manifestly against the weight of evidence, the judgment will be reversed: Ill. Cent. R. R. Co. v. Chambers, 71 Ill. 519; T. W. & W. R'y Co. v. Moore, 77 Ill. 217; Carney v. Tully, 74 Ill. 375; St. Paul F. & M. Ins. Co. v. Johnson, 77 Ill. 598; C. B. & Q. R. R. Co. v. Stump, 69 Ill. 409; Chicago v. Lavelle, 83 Ill. 482; Blanchard v. Pratt, 37 Ill. 243; Koerter v. Erslinger, 44 Ill. 477; Haycroft v. Davis, 49 Ill. 455; Booth v. Hynes, 54 Ill. 363; Reynolds v. Lambert, 69 Ill. 495.

That a servant may be dismissed for causes alleged by appellant: Robinson v. Hindman, 3 Esp. 235; Spain v. Arnott, 2 Stark. 256; Gundell v. Poutigny, 4 Champ. 375; Atkin v. Acton, 4 C. and P. 208; Byrd v. Boyd, 4 McCord, 246; Lacy v. Osbaldiston, 8 C. & P. 80; Singer v. McCormick, 4 W. & S. 265; Hamlin et al. v. Race, 78 Ill. 422; 2 Chitty on Con. 843.

Upon the question of apportionment of costs: Wickersham v. Hurd, 72 Ill. 464; Lee v. Quirk, 20 Ill. 392.

Mr. J. H. FOWLER and Mr. CHASE FOWLER, for appellee;

upon the question of tender, cited Rev. Stat. Chap. 135, §§ 3, 4, 5; 2 Parsons on Con. 637; Pulsifer v. Shepard, 36 Ill. 513; Cilley v. Hawkins, 48 Ill. 305; Sweetland v. Tuthill, 54 Ill. 215.

That the verdict will not be disturbed because the evidence is conflicting: C. & R. I. R. R. Co. v. Crandall, 41 Ill. 234; Summers v. Stark, 76 Ill. 208; Keightlinger v. Egan, 75 Ill. 141.

Upon the question of apportionment of costs: Wickersham v. Hurd, 72 Ill. 464.

LELAND, J. This was an action commenced before a Justice by Halsey against Weaver, for the services of the former as a hired hand on the farm of the latter, at $24 per month. and for damages for being discharged before the expiration of the time for which he was hired, which plaintiff below claimed was from the first day of March, A. D. 1877, until after corn picking. Mr. Weaver claimed that no time was specified, except that if he kept him until after haying and harvest, he was not to discharge him then. With this exception he claimed that the contract was $24 per month, as long as the parties agreed.

Halsey commenced work on March 1st, and on or about the 19th of March, Weaver told him he was altogether dissatisfied with him, and told him he had better go and he would hire another man, and he went.

The refusal of instructions asked by Weaver's attorney is assigned for error, but as the bill of exceptions does not show that all the given instructions for defendant below are in it, perhaps we cannot consider them; at any rate as we reverse for other reasons we pass on to the consideration of the questions properly raised in relation to the exclusion of evidence offered on the part of Weaver.

The question was whether the conduct of Halsey was such that Weaver was justified in discharging him therefor.

In order to avail himself of this excuse, if there *was* a contract that Halsey was to work until after corn picking, Weaver should show that the conduct of Halsey was improper, and that Weaver with knowledge of it discharged him.

The alleged misconduct was libidinous advances to a female

Weaver v. Halsey.

fellow servant, shirking as between himself and a male fellow servant, and unreasonable fault-finding about his food at the table, and to the maid servant who did the cooking at other times, and because she sided with her employer's family.

There was evidence tending to show that Halsey tried to get into the maid servant's room at night; that he used conversation when they were together indicating a desire for sexual intercourse, and a wish for compliance on her part, and that he called her attention to domestic animals on the farm, when the relation between these animals was such as to render joint observation of them improper and indecent.

In this condition of things Weaver offered to prove by the maid servant, that she gave notice to Mr. and Mrs. Weaver that she would leave their service if Halsey remained; that she could not on account of Halsey's indecent behavior, as a decent girl, remain if he did. The Court sustained an objection, and excluded it because it was irrelevant to the case, and there was proper exception taken.

He also offered to prove by the male fellow servant that he had had an unfair share of the work put upon him by Halsey, and that trouble had taken place between him and Halsey, and that he had told Weaver that if Halsey staid, he would leave. Upon objection of Halsey, this offered evidence was excluded and exception duly taken.

He also offered to prove that Halsey complained that the food was too thin, that he could not stand it to work on it; and to show that this was unreasonable fault-finding, by proof that the food was abundant, wholesome, well cooked and served, and fully satisfactory to the other members of the family and work hands.

The court sustained an objection by Halsey and excluded the offered evidence, and there was exception taken.

The appellee, in his brief, makes no allusion to the subject of the ruling of the court below, excluding this offered evidence.

We are unable to see any reason why the evidence was not proper and relevant. In determining whether the discharge was proper, the appellant should have taken the whole conduct

36

of the appellee, while he remained in his service into account, and if upon it as a whole it was sufficient, then the jury should have said he was justified.   Otherwise, not.

Jurors reason differently.   These different causes would produce different effects.   They would not all look upon any one reason alike, and yet all of them might say readily, take them altogether, they would not blame an employer, if like the defendant below, he should be altogether dissatisfied, and conclude to get a hired man who had less defects of the kind mentioned.

We fail to perceive why the load of evidence of misconduct already in, was not enough, but if it were not, we think the court below should have allowed a few straws weight more to be added.

But it is useless to multiply words about so small a matter. The appellant could not have been induced to discharge the appellee for misconduct of which he was not aware, and of course, it was proper to show that his attention had been called to the same misconduct testified to on the trial.

As it is the misconduct as a whole, which must be taken into account at the time of the discharge, anything tending to show misconduct is proper to be taken into account as part of the whole.   If it be "the last straw which breaks the camel's back," then it would not have been broken without the last straw.

All this excluded evidence ought to have gone in.   We do not deem it necessary to examine and comment on the plaintiff's instructions, as this opinion is already too long for so small a case.

It is to be regretted that appellee did not, as advised by a friend, take what was due him for his work.   This was offered him with the costs on the trial before the justice.

Reversed and remanded.